UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Joseph Arsenault,

      Plaintiff

    v.

Michael J. Astrue,
Commissioner of Social Security

      Defendant

CIVIL ACTION NO.:
10-11100-EFH

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

April 3, 2013

HARRINGTON, S.D.J.

    This is an action brought pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of the Social Security Administration denying Plaintiff's claim for a period of disability and Disability Insurance Benefits under Title II of the Act, 42 U.S.C. § 401 et seq.

    Under the Social Security Act, a claimant may be considered disabled only if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Judicial review in Social Security disability cases is limited to determining whether the findings of the Commissioner in his final decision are supported by substantial evidence and

whether he applied the correct legal standards in rendering his decision. See 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401(1971); Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996). The Commissioner's findings are conclusive if supported by substantial evidence. See 42 U.S.C. § 405(g); Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).

The Social Security regulations set forth a five-step sequential evaluation process for evaluating a disability claim. See 20 C.F.R. § 404.1520. At step one, the Commissioner determines whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520 (a)(4)(i). At step two, the Commissioner determines whether the claimant has a severe medically determinable impairment(s). 20 C.F.R. § 404.1520 (a)(4)(ii). At step three, the Commissioner determines whether the claimant's impairment(s) meets or equals a listed impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520 (a)(4)(iii). At step four, the Commissioner determines whether the claimant retains the residual functional capacity to perform his or her past relevant work. 20 C.F.R. § 404.1520 (a)(4)(iv). Finally, at step five, the Commissioner determines whether the claimant can perform other work existing in significant numbers in the national economy considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v).

In his decision, the Administrative Law Judge denied Plaintiff's application. The ALJ found that Plaintiff had severe impairments of residual pain in the left knee, status post three surgical interventions, and left ankle pain attributed to Reflex Sympathetic Dystrophy; mild positive findings for low back pain; obstructive respiratory disorder; and a depressive reaction to medical and relationship problems, with a history of drug and or alcohol abuse. However, the

ALJ found at step three that these impairments, either alone or in combination, did not meet or medically equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The Plaintiff contends that the ALJ erred at step three by failing to evaluate whether or not his impairments met or medically equaled Listing 1.02 (Major dysfunction of the joint). The ALJ's decision addressed only mental impairments under Listing 12.00 but did not address the relevant physical impairments under 1.02 (major dysfunction of the joint), other than a section header stating that Plaintiff did not have any listed impairment. The ALJ's failure to specifically address Listing 1.02 was remandable error. An Administrative Law Judge must include a discussion of "findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record." 5 U.S.C. § 557(c)(3)(A). As the Sixth Circuit articulated in a factually similar decision, "the ALJ needed to actually evaluate the evidence, compare it to Section 1.00 of the Listing, and give an explained conclusion, in order to facilitate meaningful judicial review. Without it, it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence." Reynolds v. Comm'r of Soc. Sec., 424 Fed.Appx. 411, 416 (6th Cir. 2011). For that reason, the Court vacates and remands the case for a discussion of the evidence and an explanation of the reasoning with respect to Listing 1.02 under step three.

The case is REVERSED and REMANDED to the ALJ for further preceding consistent with this opinion.

SO ORDERED.

/s/ Edward F. Harrington

              EDWARD F. HARRINGTON
              United States Senior District Judge